**BERRYHILL v. GERSTEL.**
No. 13801.

United States Court of Appeals
Fifth Circuit.
April 18, 1952.

George W. Tedder, Jr., Fort Lauderdale, Fla., for appellant.

Robert E. Ferris, Fort Lauderdale, Fla., Bertram R. Coleman, Miami, Fla., for appellees.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

Enjoined, except as to the pro rata portion thereof due and owing since September 21, 1950, when Ribbonwriter Corporation stepped into the trustee's shoes, from collecting real estate and personal property taxes due Broward County, Florida, for the year 1950, defendant, the collector, is here insisting that the order was wrongly entered and must be reversed.

■ He invokes Section 671, 11 U.S. C.A.[1] and the settled rule of law, that taxes accruing during the period of the trustee's possession constitute a lien upon the properties, are payable as costs of administration of the estate in reorganization, and, if not paid by the trustee, remain a charge on the properties in the hands of the taker in reorganization.

---

1. "§ 671. Same; assessment and payment or acceptance of plan by taxing agency

"Any provision in this chapter to the contrary notwithstanding, all taxes which may be found to be owing to the United States or any State from a debtor within one year from the date of the filing of a petition under this chapter and have not been assessed prior to the date of the confirmation of a plan under this chapter, and all taxes which may become owing to the United States or any State from a receiver or trustee of a debtor or from a debtor in possession, shall be assessed against, may be collected from and shall be paid by the debtor or the corporation organized or made use of for effectuating a plan under this chapter: Provided, however, That the United States or any State may in writing accept the provisions of any plan dealing with the assumption, settlement, or payment of any such tax. July 1, 1898, c. 541, § 271, as added June 22, 1938, c. 575, § 1, 52 Stat. 904."

Appellees, conceding that if the taxes claimed are state taxes, within the meaning of Sec. 671, they are recoverable, as claimed by appellant, and the injunction should not have issued,[2] insists: that they are not such taxes; that they do not fall within the saving provisions of the invoked section; and that their lien was extinguished and the claim for them cut off by the findings and orders[3] made in the reorganization proceedings.

Appellant, in his turn, while vigorously urging upon us that the taxes due Broward County are state taxes, within the meaning of the Section, presses upon us with equal vigor and supports with authorities,[4] his claim that whether or not this is so, the

taxes are payable as expenses of administration, and must be paid either out of the $60,000 deposited by Ribbonwriter for the payment of such expenses,[5] or, if not paid thereout, out of the property received by Ribbonwriter Corporation, under provisions (k) and (o)[6] of the order, on which, until paid, the taxes remain a lien.

■ We are of the opinion that the taxes due Broward County are, within the meaning of the invoked section, 671, "taxes due any state". Cf. Broward County, Florida v. Wickman, 5 Cir., 195 F.2d 614.

■ In addition, we are in full agreement with the appellant that, under the undisputed facts of record,[7] the tax claims

2. Cf. Redwine v. Citizens & Southern National Bank, 5 Cir., 189 F.2d 328.

3. "(f) Upon confirmation the plan, as amended, its provisions shall be binding upon the debtor, upon all creditors, and stockholders, franchise dealers and distributors, whether or not such creditors, stockholders, franchise dealers or distributors are affected by the plan or have accepted it, or have filed proofs of their claims or interests, and whether or not their claims or interests have been scheduled, or allowed, or are allowable."

"(j) That the $60,000 deposited with the Clerk of the District Court was deposited for the express purpose of providing a fund for the sale of all of the assets of the debtor corporation; that no additional compensation or payments in excess of the $60,000 shall be required of the Ribbonwriter Corporation, a Florida corporation, the new corporation."

Par. (i) provides that all of the assets of the debtor corporation were to be transferred and conveyed to the new corporation, Ribbonwriter Corp., one of the appellees herein, which said assets in effect were to be free and clear of all claims or liens, except the encumbrance of the Reconstruction Finance Corporation.

4. 6 Am.Jur. (Rev.Ed.) 1546; Collier on Bankruptcy, Sec. 62.08, Taxes, p. 704; Collier on Bankruptcy, Sec. 64.408, p. 792; In re International Match Corp., 2 Cir., 79 F.2d 203; In re Preble Corp., D.C., 15 F.Supp. 775; De Laney v. City and County of Denver, 10 Cir., 185 F.2d 246.

5. "(6) Monies Deposited with the Court. * * * The plan provides that from the

$60,000 deposited in the Registry Fund there shall be paid the following: Preferred creditors and all administration expenses incurred during the pendency of Chapter X and Chapter XI proceedings [11 U.S.C.A. §§ 601 et seq., 701 et seq.], as well as the preferred claims of the government, state and political subdivisions (as expressed in classes 1 to 5, inclusive, and that portion of class 9 which shall be allowed as preferred)."

6. "(k) * * * and as of this date, the Ribbonwriter Corporation, a Florida corporation, the new corporation, is entitled to have the same rights which the Debtor and Trustee heretofore possessed, said rights including everything which belonged to the debtor corporation * *."

"(o) That from and after the closing time, the Ribbonwriter Corporation, a Florida corporation, the new corporation, referred to in the said plan, shall be substituted for the Trustee wherever the new corporation so desires, in respect of the enforcement and performance of all contracts, obligations and liabilities of the said Trustee, assumed or deemed to have been assumed by the said debtor, pursuant to said plan; and the said Trustee, wherever the new corporation so desires, shall be relieved of any and all further duties and responsibilities in respect of any such contracts, obligations and liabilities."

7. In July of 1949 certain creditors filed Petition in the Federal Court, asking that Ribbonwriter Corporation of America be adjudged bankrupt. On Sept. 6, 1949, the alleged bankrupt filed an answer asking for an arrangement under Chapt. XI. Subsequently an Order was entered by the Court accepting the plan as set

of Broward County for 1950 must be paid as expenses of administration, either by the trustee out of the deposited funds, or by Ribbonwriter, who has succeeded to the trustee's position as to the properties on which the taxes are liens, and, therefore, stands in his shoes as to the obligation to see that they are paid. That this is so is made manifest not only by the express provisions of the invoked section, the authorities cited by appellant, and the Redwine case, supra, decided by this court, but by the express recognition by Ribbonwriter in its offer to pay, and by the court in the order charging it with, 101/365 of the taxes justly due for the year 1950, for the payment of which the property stands charged.

This being so, it is quite clear that, as it was in Redwine's case, supra, our order must be: Judgment reversed and cause remanded with directions to the court below to consider and determine the claim on its merits and to order paid all of the taxes found to be due Broward County for 1950.

Reversed and remanded with directions.

forth in the answer. On March 13, 1950, there was subsequently filed a Petition of the Ribbonwriter Corporation of America asking that reorganization be granted under Chapt. X of the Bankruptcy Laws, which said Petition was approved.

On March 14, 1950, the District Court approved the Petition for Reorganization under Sec. 10, and appointed L. M. Gerstel as trustee.

On May 9, 1950, there was a further Order of the Court which classified creditors and stockholders and fixed the time for filing claims to be May 30, 1950. In accordance with the Order of Court there was filed by the Trustee a certificate that he had mailed notice of the May 9th Order to all creditors.

On July 22, 1950, a plan of reorganization was approved, calling for the creation of a new corporation, Ribbonwriter Corporation.

On Sept. 5, 1950, there was filed a Petition of the Reconstruction Finance Corp. for reimbursement among other things, of the 1949 taxes which had been paid by it as of May 1, 1950.

On September 21, 1950, there was entered an Order of confirmation allow-

ing, among other things, Reconstruction Finance Corp. $3,467.93 for advances it had made in paying said taxes, confirming the plan of reorganization as amended, and further vesting all properties and rights in the Ribbonwriter Corp., the new Florida corporation.

On April 16, 1951, no claim for the taxes having been filed in the reorganization proceedings, W. O. Berryhill, Tax Collector of Broward County, Florida, wrote to Ribbonwriter Corp., requesting the payment of real estate and personal property taxes due for the year 1950. On May 14, 1951, Ribbonwriter Corp. filed its petition for a permanent injunction, restraining W. O. Berryhill from collecting the 1950 real and personal property taxes then claimed as due and owing to him as tax collector, but acknowledging its willingness to pay the said W. O. Berryhill the pro-rate share of taxes it thought was justly due and owing since Sept. 21, 1950, when the Order of Confirmation had been signed and Ribbonwriter Corp. had taken over the assets.

On June 21, 1951, a permanent injunction was granted, and this appeal followed.