**In the Matter of George Henry GATES,
Debtor.**

**No. 63–B–610.**

United States District Court
E. D. Wisconsin.

July 18, 1966.

1

James B. Brennan, U. S. Atty., by Robert J. Lerner, Asst. U. S. Atty., Milwaukee, Wis., for petitioner.

Marjorie L. Marshall, Milwaukee, Wis., Chapter XIII Trustee in Bankruptcy.

## OPINION AND ORDER

GRUBB, Senior District Judge.

The United States has petitioned for review of an order of the referee in bankruptcy denying leave to file a claim in a wage earners' proceeding under Chapter XIII of the Bankruptcy Act, Title 11 U.S.C.A.

In this case the debtor, George Henry Gates, filed petition under Chapter XIII on March 29, 1963. The first date for the first meeting of creditors was set on April 23, 1963. The debtor's plan was confirmed on June 3, 1963.

On April 23, 1964, the United States filed a claim entitled "Administrative Claim" in the total amount of $535.38, covering unpaid and outstanding federal income taxes due and owing by the debtor for the taxable years 1962 and 1963, in the amounts of $433.08 and $102.30 respectively. The tax liability for the year 1962 had been assessed against Gates on January 3, 1964; that for the year 1963, on April 5, 1964. An "Amended Administrative Claim" covering the same liabilities was filed on May 13, 1964.

The United States contends that the claim falls within the provisions of Section 680 of the Bankruptcy Act, Section 1080, Title 11 U.S.C.A., and is allowable as an expense of administration which enjoys priority over other claims of creditors notwithstanding the government's failure to file or ask for extension for filing of the claim within the six months period required by Section 57(n) of the Act, Section 93(n), Title 11 U.S.C.A., which failure would concededly otherwise bar the claim in a wage earners' proceeding.

The referee determined that the claim of the United States did not fall within the category of administrative expenses entitled to priority. Since tax liabilities are not dischargeable in wage earners' proceedings and remain enforceable against the debtor in any event, Section 680 of the Act was construed as serving no purpose in the statutory scheme of Chapter XIII proceedings and could not be utilized to overcome the bar to filing of the claim posed by the six months requirement of Section 57(n) of the Act.

Section 680 of the Act, Section 1080, Title 11 U.S.C.A., provides as follows:

"Any provision in this chapter to the contrary notwithstanding, all taxes which may be found to be owing to the United States or any State from a debtor within one year from the date of the filing of a petition under this chapter, and have not been assessed prior to the date of the confirmation of a plan under this chapter, and all taxes which may become owing to the United States or any State from a debtor shall be assessed against, may be collected from, and shall be paid by the debtor: *Provided, however,* That the United States or any State may in writing accept the provisions of any plan dealing with the assumption, settlement, or payment of any such tax. July 1, 1898, c. 541, § 680, as added June 22, 1938, c. 575, § 1, 52 Stat. 938."

The Section is concerned with payment of two kinds of tax liabilities: (1) those which may be found owing from the debtor within one year from the date of filing of the petition and which have not been assessed prior to the date of confirmation of the plan, and (2) those which may become owing during the pendency of the bankruptcy proceeding. Although these tax liabilities relate either directly or closely in point of time to the funds used for satisfaction of creditors' claims, no timely claim can be filed for the latter category. As to the former category of pre-petition taxes, the likelihood of adequate determination in time to permit filing of a cognizable claim is remote.

The claim of the United States in this case encompasses tax liabilities falling within both categories dealt with by the Section. The 1962 tax liability was found due and owing within one year from the date of filing of petition, Notice of Deficiency having been sent to the debtor on September 5, 1963, and assessment having been made on January 3, 1964, that is, after date of confirmation of the plan. The 1963 tax liability relates to a year during which the wage earners' proceeding was pending.

Section 680 of Chapter XIII of the Act has counterparts in other chapters concerned with special bankruptcy proceedings. These are Section 271 of Chapter X, Corporate Reorganizations, Section 671, Title 11 U.S.C.A.; Section 397 of Chapter XI, Arrangements, Section 797, Title 11 U.S.C.A.; and Section 523 of Chapter XII, Real Property Arrangements, Section 923, Title 11 U.S.C.A. All these statutes are similar in that they are concerned with the payment of specified classes of taxes, that is, limited pre-petition liabilities and taxes arising during the pendency of the proceedings. The sections differ in respects reflecting the unique characteristics of the particular proceedings. Thus, Sections 271, 397, and 523 of the Act recognize that post-petition tax liabilities may be chargeable to the trustee, receiver, or successor corporations used in corporate reorganizations or in arrangements to effectuate the plans. These same Sections authorize collection from and payment by the debtor or alternatively, by the agency used for effectuating the plan, that is, the corporation organized for that purpose, or the trustee or corporation made use of for that purpose.

Section 680 differs from these other comparable provisions in that it recognizes that the use of a corporation or appointment of receiver or ordinary trustee as in corporate reorganizations or arrangements is not within the scope of wage earners' proceedings. Accordingly, reference to these agencies is eliminated in the description of post-petition tax liabilities within the scope of the Section, and collection is authorized only from the debtor since settlement with creditors is made primarily out of his future earnings or wages. See 10 Collier on Bankruptcy (14th Ed. 1965), Par. 32.05, p. 449.

■ The plain language of this statute indicates that it furnishes a saving provision for the recognition of defined categories of claims for taxes by insulating these, rather than taxes generally, against other provisions of the bankruptcy law that might bar their enforcement in the proceeding, as for example, the requirement of timely filing of the claim. Notwithstanding any restraining order that may have been entered in this case, the United States has the option under the statute of seeking to enforce its claim by participating in the Chapter XIII plan or of proceeding against the debtor directly.

Legislative comment on Section 271 of Chapter X of the Act, quoted in Redwine v. Citizens & Southern Nat. Bank, 189 F.2d 328, 330 (5th Cir. 1951) reveals the concern for affording protection to claims for taxes which became due during the pendency of the proceedings and in cases "where the current tax return had not been filed during such period or where the amount of tax liability for a year prior period had not been adequately determined by the Treasury Department prior to confirmation of the plan." This comment reflects congressional awareness that although the taxes may become due and owing from the debtor prior to filing of petition, an adequate determination of liability may not be made in time to permit filing of a timely claim. To this end also, Section 680 limits its application to pre-petition taxes "which may be found to be owing" rather than those taxes which may have become due and owing.

Section 271 of Chapter X has been interpreted and applied as allowing the filing of otherwise untimely claims for taxes in corporate reorganizations. In

Redwine v. Citizens & Southern Nat. Bank, 189 F.2d 328 (5th Cir. 1951), the tax claim related to preconfirmation liability assessed after confirmation, similar to the claim relating to 1962 taxes in the instant case. The court denied the injunction requested by the trustee against the Georgia tax authorities seeking to enforce the claim. Claim for taxes as to which liability arose during the pendency of the bankruptcy proceedings, similar to the 1963 taxes in the instant case, were held allowable in Berryhill v. Gerstel, 196 F.2d 304 (5th Cir. 1952).

■ It is the conclusion of the court that Section 680 of the Act must be given effect in Chapter XIII proceedings by allowance of filing of claims for taxes falling within its provisions where this is the manner of enforcement selected by the appropriate tax authorities. Differences in language between Section 680 and comparable statutes in other special bankruptcy proceedings do not require that the Section be deemed without purpose and disregarded. The differences represent mere deletions of terms inappropriate to wage earners' proceedings in the description of cognizable claims and in persons liable for payment. The deletions do not alter the plain intent of the provision. Liability in each instance is placed on the agency responsible for production of the funds used for consummation of the plan, that is, the debtor or parties standing in his shoes.

No contradiction or inconsistency in the statutory scheme concerning wage earners' plans follows from giving effect to the language and purpose of Section 680 similar to that accorded Section 271 in corporate reorganizations. Although taxes generally are not dischargeable in Chapter XIII proceedings, Section 680 furnishes more adequate protection for tax liabilities for which timely claim cannot be filed but which relate to the funds used for the satisfaction of creditors, by allowing these claims, if proved, to participate and enjoy priority in the plan.

■ The trustee who opposed allowance of filing of the claim of the United States, expressed concern for the disruption in wage earners' plans that might be occasioned by application of Section 680. The broad jurisdiction of the bankruptcy court is adequate to assure the orderly administration of the proceedings in the event that claims within the scope of Section 680 are allowed and take priority. The court has exclusive jurisdiction of the debtor, of his property, and of his earnings and wages. Section 611 of the Act, Section 1011, Title 11 U.S. C.A. It may modify amount and time of payment under a plan during the period of its extension, Section 646 of the Act, Section 1046, Title 11 U.S.C.A. And, under appropriate circumstances, the court may order dismissal under Section 666 of the Act, Section 1066, Title 11 U.S.C.A.

If allowed, the claim of the United States would take priority under the scheme established in respect to wage earners' proceedings under Section 659 of the Act, Section 1059, Title 11 U.S.C.A., which provides for a sixth priority in accordance with Section 64(a) of the Act, Section 104(a), Title 11 U.S.C.A. Section 64(a) allows first priority for costs and expenses of administration and fourth priority for taxes legally due and owing by the bankrupt (the debtor in Chapter XIII proceedings) to the United States or any State or subdivision thereof.

A determination whether or not the claim of the United States is to be categorized as expenses of administration is not necessary in this case. The second and third priorities provided for by Section 64(a) have not been shown to be involved here. Further, it appears that they are not likely to be encountered in wage earners' proceedings. On its face, the claim of the United States is for taxes and thereby entitled to priority under Section 64(a) (4) which priority under the circumstances of this and other wage earners' proceedings practically is not inferior to that of expenses of administration.

It is hereby ordered that the order entered by the referee in bankruptcy on March 24, 1965 is vacated and set aside and that the case is remanded to the referee for further proceedings not inconsistent with this opinion.