In the Matter of the **WESTERN TRADING COMPANY, Debtor.**

No. BK-R-70-305.

United States District Court, D. Nevada.

April 17, 1972.

Wilson & Wilson, Elko, Nev., for debtor.

Raymond B. Little, Asst. U. S. Atty., Reno, Nev., and Michael B. Andolina, Trial Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., for I.R.S.

## ORDER AFFIRMING REFEREE

BRUCE R. THOMPSON, District Judge.

The Debtor, The Western Trading Company, filed a petition with this Court sitting in bankruptcy on May 28, 1970, seeking a corporate arrangement pursuant to the provisions of Chapter XI of the Bankruptcy Act. The first meeting of creditors was held on August 13, 1970, and was continued until October 13, 1970; notice to this effect was given to the creditors of the Debtor on August 19, 1970. Thereafter, on October 20, 1970, the Application for Confirmation of the Plan of Arrangement was filed and the Order Confirming Arrangement was issued by the Referee on December 3, 1970.

In response to the notice of the proposed arrangement, the District Director of Internal Revenue Service for the District of Nevada, on August 27, 1970, filed a proof of claim for the estimated tax liability of the Debtor. This proof of claim bore the notation "Estimated Proof of Claim" and reflected liability for income withholding taxes, excise taxes, unemployment taxes, farm workers'

employment taxes and corporate income taxes in the total estimated amount of $19,500. Subsequently, on September 18, 1970, the Internal Revenue Service filed Supplemental Proof of Claim #1 which was purported to be "in addition to the Estimated Claim filed August 27, 1970," and which included income withholding taxes, excise taxes, interest and lien fees in the amount of $3,194.94. Both the aforementioned proofs of claim were filed prior to the confirmation of the plan of arrangement. On January 13, 1971, a time subsequent to the confirmation, another proof of claim was filed which reflected a federal tax liability of $6,218.95 for income withholding, unemployment, excise and farm workers' employment taxes and contained the notation that: "This claim replaces all claims previously filed by the Internal Revenue Service."

The order confirming the plan of arrangement had fixed thirty days for filing claims and had set a hearing on objections to claims for February 4, 1971. The Government's claim filed January 13, 1971 was evidently in response to such notice and specified each tax liability with particularity, including the dates the taxes had been assessed. Some of the taxes had accrued under the Debtor's operations before the filing of the Chapter XI petition, and some after.

Additional proofs of claim identified as Supplemental Proofs of Claim numbered 1 and 2 were filed on February 9, and February 23, 1971, reflecting additional liability in the amounts of $1,817.36 and $108.67, respectively, for farm workers' employment taxes due and owing from the Debtor. Finally, on August 12, 1971, the United States filed Supplemental Proof of Claim #3 (Claim No. 95) which was based on an estimated corporate income tax liability for the year 1969 in the estimated amount of $561,822.68. No date of assessment of such estimated taxes was stated on the Supplemental Claim #3. At the hearing on the petition for review held April 14, 1972, it appeared that the liability for such taxes has not yet been assessed.

The Debtor has objected to Supplemental Proof of Claim #3 on the basis that the claim was not filed within the time allowed by law and the order of the Referee in Bankruptcy. The United States filed an Opposition to the objections of the Debtor based on the ground that Supplemental Proof of Claim #3 could properly be sustained as an amendment to the proof of claim timely filed. The Referee has upheld the position of the Debtor, disallowing Supplemental Proof of Claim #3 and the United States has filed a Petition for Review from this decision. The United States contends that the Referee erred in disallowing Supplemental Proof of Claim #3 and that although it was not timely filed, it should have been allowed as an amendment to the original, timely filed, proof of claim.

 We agree with the Referee. Section 355 [11 U.S.C. § 755a] of the Bankruptcy Act fixes a bar date for claims against the Debtor, including claims of the United States.

Section 397 (11 U.S.C. § 797) [1] contains a special enabling provision with respect to "taxes which may be *found to be owing* to the United States or any State from a debtor *within one year*

---

1. "§ 797. Same; assessment and payment or acceptance of arrangement by taxing agency.

"Any provision in this chapter to the contrary notwithstanding, all taxes which may be found to be owing to the United States or any State from a debtor within one year from the date of the filing of a petition under this chapter, and have not been assessed prior to the date of the confirmation of an arrangement under this chapter, and all taxes which may become owing to the United States or any State from a receiver or trustee of a debtor or from a debtor in possession, shall be assessed against, may be collected from, and shall be paid by the debtor or the corporation organized or made use of for effectuating an arrangement under this chapter: Provided, however, That the United States or any State may in writing accept the provisions of any arrangement dealing with the assumption, settlement, or payment of any such tax."

from *the date of the filing of a petition* under this chapter, and *have not been assessed* prior to the date of the confirmation of an arrangement * * *." (Emphasis added.) There is no similar statutory provision in the Chapter of the Bankruptcy Act relating to straight bankruptcy, but each of the Bankruptcy Chapters of general application concerned with the presentation and confirmation of plans of reorganization or arrangement has a similar section. Chapter X Corporate Reorganizations, Section 271; Chapter XI Arrangements, Section 397; Chapter XII Real Property Arrangements, Section 523; Chapter XIII Wage Earners' Plans, Section 680. Thus, it is evident that the Congress had in mind the administrative differences between straight or ordinary bankruptcy and the various chapter proceedings.

It is clear that Section 397 does permit the federal and state taxing authorities to come in with a belated tax claim for taxes found to be due within one year after the filing of the petition and even after a plan of arrangement has been confirmed, and the bar date otherwise fixed by Section 355 has passed. In re Gates, 256 F.Supp. 1 (E.D.Wis.1966), Redwine v. Citizens & Southern National Bank, 189 F.2d 328 (5th Cir. 1951); In re Holiday Plastics, Inc., CCH Bankruptcy Cases, No. 59349 (D.Kan.1958).

It is also well-settled that in straight bankruptcy proceedings, Section 57n of the Act [2] (the counterpart in subject matter of Section 355) does not preclude the United States from coming in late with a substantial amendment to an earlier timely-filed claim. Menick v. Hoffman, 205 F.2d 365 (9th Cir. 1953); Sun Basin Lumber Co. v. United States, 432 F.2d 48 (9th Cir. 1970). Inasmuch

as in the instant case, the timely-filed claims of the Internal Revenue Service included claims for withholding tax deficiencies, the *Menick* case must be accepted as authority controlling on us that the Government's late assertion of a $561,822.68 income tax deficiency for 1969 was germane to the subject matter of the timely-filed claims and could properly be asserted by way of amendment in an ordinary bankruptcy.

We, nevertheless, conclude that the law applicable to ordinary bankruptcy is inapplicable to this Chapter XI proceeding. The salutary purposes of Section 397 are two-fold. It not only recognizes the need of taxing authorities for additional time to determine and assess taxes which may be asserted late as a priority claim under Section 64 of the Act, but it also fixes a time limit qualification upon the type of claims which will be accorded such preferred treatment. While the bankruptcy court may be required to reconsider its order of confirmation or to modify the plan of arrangement or dismiss the proceeding on account of the impact of such a late filed claim (see In re Gates, *supra*, 256 F.Supp. at page 4), it need do so only if the delayed claim is for a tax "found to be owing" within one year of the filing of the petition. "Found to be owing," as used in this section, means "assessed." The Internal Revenue Code provides for a specific procedure for assessment (26 U.S.C. § 6203). An assessment is an administrative determination of tax liability. Kurio v. United States, 281 F.Supp. 252 (S.D.Tex.1968); United States v. Miller, 318 F.2d 637 (7th Cir. 1963). And until the assessment has been made, the tax has not been found to be owing.

We note that the Advisory Committee on Bankruptcy Rules appointed by the

---

2. "Except as otherwise provided in this title, all claims provable under this title, including all claims of the United States and of any State or any subdivision thereof, shall be proved and filed in the manner provided in this section. Claims which are not filed within six months after the first date set for the first meet-

ing of creditors shall not be allowed; Provided, however, That the court may, upon application before the expiration of such period and for cause shown, grant a reasonable fixed extension of time for the filing of claims by the United States or any State or any subdivision thereof * * *."

Chief Justice of the United States under the program of the Judicial Conference of the United States is in accord with this interpretation. In the Preliminary Draft of Proposed Bankruptcy Rules and Official Forms under Chapter XIII of the Bankruptcy Act, September, 1971, the Committee of bankruptcy experts has proposed Rule 13–405, as follows:

"Upon application accompanied by a proof of claim the court may allow the following claims to participate in distributions under the plan:

"(a) Claims for taxes owing to the United States, or to any state, or any subdivision thereof, at the time of the filing of a petition under Rule 13–103 or 13–104 which had not been assessed prior to the date of confirmation of the plan, but which are assessed within one year after the date of the filing of the petition.

"(b) Claims for taxes owing to the United States, or to any state, or any subdivision thereof, after the filing of a petition under Rule 13–103 or 13–104 and which are assessed while the case is pending * * *."

This proposed clarification and revision of the post-petition claim procedures under Section 680 of the Act (the counterpart of Section 397) in our opinion properly recognizes that taxes are found to be owing when they are "assessed within one year * * *".

There is nothing novel in according preference to policies of the Bankruptcy Act over the strong public policy favoring the collection of revenues. Compare: Nicholas v. United States, 384 U. S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966); United States v. Randall, 401 U.S. 513, 91 S.Ct. 991, 28 L.Ed.2d 273 (1971). In this instance, we consider Section 397 of the Bankruptcy Act to be "an overriding statement of federal policy" (Randall, supra, at p. 515, 91 S.Ct. at p. 993) to the effect that a tax liability to participate in a plan of arrangement must have been assessed before confirmation of the plan or within one year after the filing of the petition, or must have become owing on account of the operations of the trustee, receiver or debtor in possession (In re Gates, supra).

 The instant claim for estimated 1969 corporate income tax deficiencies does not qualify under any category. It has never been assessed, it has never "been found to be owing." It is, thus, barred from participating in the plan of arrangement as a priority claim. It is, nevertheless, not discharged (Section 78a(1) of the Act, 11 U.S.C. § 35). Its collectibility as a non-priority claim may be left for future determination. Accordingly,

It hereby is ordered that the Findings of Fact, Conclusions of Law and Judgment filed November 30, 1971 by the Referee in Bankruptcy be, and they hereby are, affirmed.