**John M. CAPOZZI, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 178, Docket 92–6106.**

United States Court of Appeals, Second Circuit.

Argued Sept. 29, 1992.

Decided Dec. 8, 1992.

Michael D. Savage, New York City (Peter L. Truebner, Stamford, Conn., Gersten, Savage, Kaplowitz & Curtin, New York City, of counsel), for plaintiff-appellant.

Curtis C. Pett, Tax Div., Dept. of Justice, Washington, D.C. (James A. Bruton, Acting Asst. Atty. Gen., Gary R. Allen, Richard Farber, Tax Div., Dept. of Justice, Washington, D.C., Albert S. Dabrowski, U.S. Atty., for the D. of Conn., New Haven, Conn., of counsel), for defendant-appellee.

Before: MESKILL, Chief Judge, LUMBARD and CARDAMONE, Circuit Judges.

MESKILL, Chief Judge:

Appellant John M. Capozzi appeals from a decision of the United States District Court for the District of Connecticut, Daly, J., granting summary judgment in favor of the United States. The court held that the five year limitations period contained in 28 U.S.C. § 2462 does not apply to the assessment of penalties under 26 U.S.C. § 6700 (hereinafter "IRC § 6700"). Capozzi does not contend that any genuine issue of material fact is in dispute, but argues that the district court erred as a matter of law.

We hold that 28 U.S.C. § 2462 places no time limit on the government's power to assess penalties under IRC § 6700 and therefore we affirm the judgment of the district court.

## BACKGROUND

On June 4, 1990 the Internal Revenue Service (IRS) assessed against Capozzi a penalty in the amount of $47,406. Capozzi paid fifteen percent of this amount ($7,110.90) and the IRS credited to the balance an additional $2,581.04 from other taxes that Capozzi overpaid. Capozzi sought a refund of $9,691.94 plus interest in the district court; the government counterclaimed for the unpaid portion of the penalty ($37,714.06) plus interest.

The penalty arose from conduct that took place in 1982 and 1983. During that period Capozzi was a licensed securities dealer selling interests in a tax shelter called Barrister Equipment Associates. There is no dispute that Capozzi sold these interests at more than 200 percent of their fair market value and that in connection with these sales furnished a statement grossly overstating the value of the interests.

In 1986, after an extensive investigation, the IRS assessed penalties against seven corporate and individual taxpayers pursuant to IRC § 6700. However it was not until 1990, more than six years after Capozzi's misconduct ceased, that the IRS assessed the penalty against him. He argued below and argues here that the IRS had only five years from the time of the last overstatement to assess his penalty, and that any assessment after 1988 was time-barred.

The penalty statute involved here, section 6700 of the Internal Revenue Code (IRC) reads in pertinent part:

(a) **Imposition of penalty.**—Any person who—

....

(B) participates (directly or indirectly) in the sale of any interest in an entity or plan or arrangement referred to in subparagraph (A), and

(2) makes or furnishes or causes another person to make or furnish (in connection with such organization or sale)—

....

(B) a gross valuation overstatement as to any material matter,

shall pay, with respect to each activity described in paragraph (1), a penalty....

(b) **Rules relating to penalty for gross valuation overstatements.—**

(1) **Gross valuation overstatement defined.**—For purposes of this section, the term "gross valuation overstatement" means any statement as to the value of any property or services if—

(A) the value so stated exceeds 200 percent of the amount determined to be the correct valuation, and

(B) the value of such property or services is directly related to the amount of any deduction or credit al-

lowable under chapter 1 to any participant.

The statute itself contains no limitations period.

A "catch-all" five year statute of limitations, 28 U.S.C. § 2462, states in pertinent part:

> Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued.

On January 29, 1992 the district court denied Capozzi's motion for summary judgment and granted the government's motion for summary judgment. This appeal followed.

## DISCUSSION

■ The application of section 2462 to IRC § 6700 is an issue of first impression in this Circuit. We are aware of only one other circuit that has directly addressed the problem. The Eighth Circuit in *Lamb v. United States*, 977 F.2d 1296 (8th Cir.1992), decided that section 2462 does not apply to IRC § 6700. That court relied almost exclusively on *Mullikin v. United States*, 952 F.2d 920 (6th Cir.1991), *cert. denied*, —— U.S. ——, 113 S.Ct. 85, 121 L.Ed.2d 49 (1992), which held that section 2462 did not apply to penalties assessed under 26 U.S.C. § 6701. Section 6701 deals with aiding and abetting the understatement of tax liability and like section 6700 does not itself contain a limitations period. It differs from IRC § 6700 in that section 6701 requires scienter, and Capozzi seeks to distinguish this case on that basis. While we agree with the holding in *Lamb*, we rest our opinion on different grounds. We begin by analyzing the language of 28 U.S.C. § 2462.

Appellant argues that the plain language of the statute supports his position because no other act of Congress has "otherwise provided" a limitations period specifically governing IRC § 6700. However, we believe that the plain language of section 2462 militates against its application to section 6700.

First, by its terms section 2462 applies only to "action[s], suit[s] or proceeding[s]." These terms implicate some adversarial adjudication, be it administrative or judicial.[1] An *assessment* of a penalty (or tax), however, is an *ex parte* act. It is merely the determination of the amount of the penalty and the official recording of the liability. *See* 26 U.S.C. § 6203; Treas.Reg. § 301.-6203-1. Indeed, the taxpayer is not even entitled to a pre-assessment hearing. *See Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1434 (9th Cir.1985), *cert. denied*, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 773 (1986). Moreover, a variety of limitations provisions in the IRC itself specifically distinguish between an assessment and a proceeding in court for collection of monies without assessment. *See, e.g.,* 26 U.S.C. §§ 6501(c)(1), 6696(d)(1). Thus the IRC treats a proceeding as something wholly apart from an assessment. This statutory distinction supports our conclusion that an assessment is neither an action, a suit, nor a proceeding, and that therefore section 2462 cannot apply to the assessment of a penalty.

Second, section 2462 applies only to adversarial proceedings for the *"enforcement* of any civil fine, penalty or forfeiture." 28 U.S.C. § 2462 (emphasis added). An assessment is not an enforcement of a penalty but merely the determination and recordation of an amount owed. *See* 26 U.S.C. § 6203. Once an assessment is made, the money must then be *collected*. The government has ten years to do that. *See* 26

---

1. Appellant contends that an assessment commences a proceeding and is analogous to the filing of an administrative complaint. The analogy is inapt. An administrative complaint serves to notify the parties that litigation regarding liability is about to begin. The complaint initiates adjudication. An assessment, however, is a determination of liability. Subsequent actions seeking collection or refund may be brought but they would be collateral proceedings based on the IRS's determination that monies were owing. *See, e.g.,* 26 U.S.C. § 6532(a)(1) (requiring a taxpayer seeking a refund of a penalty to *begin* a suit or proceeding within a certain time period).

U.S.C. § 6502(a).[2]  It is the collection of amounts owed, not the assessment of them, that may be properly termed "enforcement."

At oral argument appellant suggested that an assessment is a type of enforcement, because it enforces the provisions of the IRC.  Even if we were to accept this strained interpretation, it still does not satisfy the terms of the statute, which refer to the enforcement of a "civil *fine, penalty* or *forfeiture."*  28 U.S.C. § 2462 (emphasis added).  Prior to the assessment here no fine, penalty or forfeiture can properly be said to have been imposed.  Indeed, until an assessment has been made the tax (or penalty) "has not been found to be owing." *In re Western Trading Co.,* 340 F.Supp. 1130, 1133 (D.Nev.1972); *see also Brewer v. United States,* 764 F.Supp. 309, 315 (S.D.N.Y.1991) ("In order to place a lien against property, the IRS must make a valid assessment of taxes."), *aff'd without opinion,* 962 F.2d 3 (2d Cir.1992).  No legal liability arises until the IRS assesses the penalty.  Therefore, there is nothing to enforce until after the assessment is made.

■ Appellant next claims that the structure of the IRC suggests that Congress meant for the five year statute of limitations to apply.  He cites four IRC provisions, 26 U.S.C. §§ 6696(d)(1), 6501(c)(1), 6501(c)(2), and 6501(c)(3), that specifically permit the IRS to begin a court proceeding for the collection of a penalty *at any time.*  From this he concludes that when Congress wanted no time limit to apply it could and did say so.  This type of argument is generally forceful.  But here it must yield to precedent clearly holding that no statute of limitations will block federal government actions unless Congress clearly and specifically says so. *See, e.g., Badaracco v. Commissioner,* 464 U.S. 386, 391–92, 104 S.Ct. 756, 760–61, 78 L.Ed.2d 549 (1984); *E.I. Dupont de Nemours & Co. v. Davis,* 264 U.S. 456, 462, 44 S.Ct. 364, 366, 68 L.Ed. 788 (1924); *United States v. Podell,* 572 F.2d 31, 35 n. 7 (2d Cir.1978).  Speculation as to what Congress

might have meant does not satisfy this default principle.  When Congress does not clearly specify whether or not any limitations period applies to a particular provision, the presumption must be that no such limitation was intended.

■ Appellant also cites to 26 U.S.C. § 6533(1) which cross-references the taxpayer to section 2462 in order to find the "period of limitation in respect of civil actions for … penalties."  He argues that this cross-reference is a clear and specific invocation of the five year statute of limitations.  However, cross-references in the IRC have no *legal* effect and are "made only for convenience."  26 U.S.C. § 7806(a).  Also, this particular cross-reference provision uses the term "civil actions" and is located in a subchapter entitled "PERIODS OF LIMITATION IN *JUDICIAL PROCEEDINGS."*  Internal Revenue Code of 1986, 26 U.S.C. §§ 1 *et seq.,* Ch. 66, subch. D (emphasis added).  From all this we conclude that the cross-reference is not applicable to *ex parte* acts.

Admittedly, as Capozzi observes, our conclusion that no statute of limitations applies to IRC § 6700 may in some circumstances yield a harsh result.  The absence of a limitations period means that the IRS may assess penalties under IRC § 6700 many years after the alleged misconduct occurred.  Few taxpayers keep records for decades, and it might be difficult if not impossible to show that an assessment was baseless years after the fact.

Nevertheless, the strong presumption against finding a limitations period that works against the federal government necessarily assumes that there will be cases in which harsh results adhere.  In any event, it is up to Congress, not the courts, to rewrite a statute in order to avoid possibly harsh consequences.  Where the plain language of the relevant statutory provisions leaves so little room for interpretation we must read those provisions as they were written.  Consequently, we hold that 28 U.S.C. § 2462 does not apply to IRC § 6700.

**2.**  Although section 6502(a) speaks only of the collection of *taxes,* 26 U.S.C. § 6671 states that

any reference to a "tax" is also a reference to a penalty.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.