20-3409-cv
*United States v. Rowe*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

Rᴜʟɪɴɢs ʙʏ sᴜᴍᴍᴀʀʏ ᴏʀᴅᴇʀ ᴅᴏ ɴᴏᴛ ʜᴀᴠᴇ ᴘʀᴇᴄᴇᴅᴇɴᴛɪᴀʟ ᴇғғᴇᴄᴛ. Cɪᴛᴀᴛɪᴏɴ ᴛᴏ ᴀ sᴜᴍᴍᴀʀʏ ᴏʀᴅᴇʀ ғɪʟᴇᴅ ᴏɴ ᴏʀ ᴀғᴛᴇʀ Jᴀɴᴜᴀʀʏ 1, 2007 ɪs ᴘᴇʀᴍɪᴛᴛᴇᴅ ᴀɴᴅ ɪs ɢᴏᴠᴇʀɴᴇᴅ ʙʏ Fᴇᴅᴇʀᴀʟ Rᴜʟᴇ ᴏғ Aᴘᴘᴇʟʟᴀᴛᴇ Pʀᴏᴄᴇᴅᴜʀᴇ 32.1 ᴀɴᴅ ᴛʜɪs ᴄᴏᴜʀᴛ's Lᴏᴄᴀʟ Rᴜʟᴇ 32.1.1. Wʜᴇɴ ᴄɪᴛɪɴɢ ᴀ sᴜᴍᴍᴀʀʏ ᴏʀᴅᴇʀ ɪɴ ᴀ ᴅᴏᴄᴜᴍᴇɴᴛ ғɪʟᴇᴅ ᴡɪᴛʜ ᴛʜɪs ᴄᴏᴜʀᴛ, ᴀ ᴘᴀʀᴛʏ ᴍᴜsᴛ ᴄɪᴛᴇ ᴇɪᴛʜᴇʀ ᴛʜᴇ Fᴇᴅᴇʀᴀʟ Aᴘᴘᴇɴᴅɪx ᴏʀ ᴀɴ ᴇʟᴇᴄᴛʀᴏɴɪᴄ ᴅᴀᴛᴀʙᴀsᴇ (ᴡɪᴛʜ ᴛʜᴇ ɴᴏᴛᴀᴛɪᴏɴ "sᴜᴍᴍᴀʀʏ ᴏʀᴅᴇʀ"). A ᴘᴀʀᴛʏ ᴄɪᴛɪɴɢ ᴀ sᴜᴍᴍᴀʀʏ ᴏʀᴅᴇʀ ᴍᴜsᴛ sᴇʀᴠᴇ ᴀ ᴄᴏᴘʏ ᴏғ ɪᴛ ᴏɴ ᴀɴʏ ᴘᴀʀᴛʏ ɴᴏᴛ ʀᴇᴘʀᴇsᴇɴᴛᴇᴅ ʙʏ ᴄᴏᴜɴsᴇʟ.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand twenty-one.

PRESENT:   AMALYA L. KEARSE,
           GERARD E. LYNCH,
           DENNY CHIN,
                *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                *Plaintiff-Appellee,*

          v.                                      20-3409-cv

ROGER ROWE,
                *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


FOR PLAINTIFF-APPELLEE:          Richard L. Parker, Bruce R. Ellisen,
                                 Attorneys, *for* David A. Hubbert, Acting
                                 Assistant Attorney General, Tax Division,
                                 United States Department of Justice,

Washington, DC, and Mark J. Lesko, United States Attorney for the Eastern District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT: Roger Rowe, *pro se*, Amityville, NY.

Appeal from the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Roger Rowe appeals the judgment of the district court entered October 15, 2020, awarding plaintiff-appellee United States of America $307,695.15 in assessed and unpaid penalties for failing to pay over withholding taxes to the Internal Revenue Service.[1] By decision and order entered September 16, 2020, the district court denied Rowe's motions to dismiss and for summary judgment and granted the Government's cross-motion for summary judgment. The district court concluded that Rowe was liable for penalties assessed under 26 U.S.C. § 6672 for willfully failing to remit to the IRS taxes collected from the employees of Integrated Construction Management, Inc. ("ICM") from December 31, 2007 through September 30, 2008. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1] Rowe filed his notice of appeal on October 2, 2020; it became effective on October 15, 2020, when the district court granted the Government's motion to amend the judgment to reflect the amount due and entered a new judgment accordingly. *See* Fed. R. App. P. 4(a)(4)(B)(1).

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). A district court's "interpretation and application of a statute of limitations" are also reviewed *de novo*. *City of Pontiac Gen. Emps. Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011).

An employer required to withhold taxes from its employees' wages must hold those funds as "a special fund in trust for the United States" and pay them to the Government "in the same manner . . . [as] the taxes from which such fund arose." 26 U.S.C. § 7501(a). Under 26 U.S.C. § 6672(a), an individual may be liable for an employer's failure to remit such funds to the Government if "(1) he or she was a responsible person for collection and payment of the employer's taxes; and (2) he or she willfully failed to comply with section 7501(a)." *Winter v. United States*, 196 F.3d 339, 344 (2d Cir. 1999) (internal quotation marks omitted).[2] "The person against whom the IRS assesses a § 6672 tax penalty has the burden of disproving, by a preponderance of the evidence, the existence of one of these two elements." *Fiataruolo v. United States*, 8 F.3d 930, 938 (2d Cir. 1993).

---

[2]    *See* 26 U.S.C. § 6672(a) ("Any person required to collect, truthfully account for, and pay over any tax imposed by [the Internal Revenue Code] who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable [for] a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.").

Here, the record supports the district court's conclusion that Rowe was liable as a matter of law for the § 6672 trust fund recovery penalties assessed against him. First, Rowe conceded that he was a "responsible person" for § 6672(a) purposes, acknowledging that he had "significant control over the enterprise's finances." *Winter*, 196 F.3d at 345 (internal quotation marks omitted).[3] Specifically, Rowe admitted that he was "a person required to collect, truthfully account for and pay over" ICM's taxes. Answer at ¶ 1. Moreover, the documentary evidence established unequivocally that Rowe, as ICM's president and only shareholder, had check-signing authority, responsibility for paying the company's taxes, and significant control over its finances. *See Winter*, 196 F.3d at 345 (listing factors).

Second, on the record presented, a reasonable fact-finder could only conclude that Rowe knew of ICM's obligation to pay withholding taxes. To satisfy the willfulness element,

> a responsible person need not act out of an evil motive or an intent to defraud. Instead, the principal component of willfulness is knowledge: a responsible person acted willfully within the meaning of § 6672(a) if he (a) knew of the company's obligation to pay withholding taxes, and (b) knew that company funds were being used for other purposes instead.

---

[3] Rowe contends that the trustee in ICM's bankruptcy proceeding was responsible for paying ICM's employment taxes during the relevant quarters. But even if the trustee was also a "responsible person" for § 6672 purposes, Rowe cannot escape liability on that basis. As the statute and our precedent make clear, there can be more than one "responsible person" at a company, "all of whom may be found responsible for a tax delinquency" under § 6672. *Winter*, 196 F.3d at 345 (internal quotation marks omitted); *see also* 26 U.S.C. § 6672(a) ("[a]ny person required to . . . pay over any tax . . . shall . . . be liable").

*Id.* (internal quotation marks, citation, and alteration omitted). Here, ICM's bankruptcy petition, signed by Rowe and filed in January 2009, listed the IRS as one of its creditors, stating that ICM owed $410,000 in IRS withholding taxes. Rowe signed ICM's employment tax returns and numerous checks from ICM during the four quarters relevant here, demonstrating that he knew ICM continued to use funds for other purposes instead of remitting the funds to the IRS as required. Hence, no genuine issue of fact existed as to willfulness.

Rowe asserts several defenses. None has merit. First, he argues that he is not liable for failing to pay withholding because an IRS Account Transcript for the tax period "Dec. 31, 2008" states that the account balance and penalty is zero dollars. The government, however, did not seek to recover for unremitted taxes for the quarter ending December 2008; rather, it sought recovery for the quarters ending December 2007, March 2008, June 2008, and September 2008. Compl. ¶ 5.

Second, Rowe's claim that this action was barred by the applicable statute of limitations also fails. Rowe first argues that the five-year statute of limitations set forth in 28 U.S.C. § 2462 governs in this case because the IRS assessed penalties, rather than taxes, against him. That argument is meritless. Section 2462 establishes a five-year limitations period for any action to enforce a civil penalty "[e]xcept as otherwise provided by Act of Congress." 28 U.S.C. § 2462. Such a specific Act of Congress creates

a ten-year limitations period for actions to collect assessed taxes. *See* 26 U.S.C. § 6502(a)(1). And because 26 U.S.C. § 6671(a) provides that penalties under § 6672 "shall be assessed and collected in the same manner as taxes," that ten-year limitations period applies here. *See Capozzi v. United States*, 980 F.2d 872, 874-75 & n.2 (2d Cir. 1992).

Alternatively, Rowe argues that the action is time-barred under the ten-year limitations period. That argument also fails. Rowe claims that the penalties were assessed more than ten years before the filing of this action, pointing to a *proposed* assessment of trust fund recovery penalty sent to him in July 2009, that indicated that the IRS had assessed the underlying employment taxes on various dates in 2008. In his answer, however, Rowe admitted that the IRS assessed § 6672 tax penalties against him on October 19, 2009 for four tax periods in 2007–2008 and that he was notified of this assessment. Thus, the Government's complaint, filed on October 11, 2019, was timely filed "within 10 years after the assessment" of the § 6672 tax penalties. 26 U.S.C. § 6502(a)(1).

Third, Rowe argues that the district court's judgment violated 26 U.S.C. § 5000A(g). Section 5000A, however, concerns penalties for an employer's failure to maintain required health benefits and is not at issue in this case as no such penalties were imposed on Rowe in relation to this action.

Fourth, Rowe correctly notes that the Government failed to fully comply with the notice requirements of Local Rule 56.2. Although the Government's notice to him as a pro se litigant opposing summary judgment stated that the "full text of Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1 [were] attached," the text of those rules was not in fact attached to the notice. Notice, Record on Appeal Doc. 20 at 2. This was harmless error. Under *Vital v. Interfaith Medical Center*, a pro se litigant must be notified by either the district court or opposing counsel of the consequences of failing to respond to a motion for summary judgment and the nature of summary judgment. 168 F.3d 615, 620–21 (2d Cir. 1999). "Where, however, a pro se litigant has demonstrated a clear understanding of the nature and consequences of a summary judgment motion and the need to set forth all available evidence demonstrating a genuine dispute over material facts, failure to provide proper notice will be deemed harmless." *Jova v. Smith*, 582 F.3d 410, 414 (2d Cir. 2009) (internal quotation marks omitted).

Here, Rowe was provided with a one-page notice describing summary judgment and stating, *inter alia*, that under Rule 56 he could "NOT oppose summary judgment simply by relying upon the defenses [he] raised in [his] answer" and "must submit evidence . . . countering the facts asserted by the plaintiff and raising specific facts that support [his] claim." Notice at 2. Rowe filed both an opposition to the Government's motion and his own summary judgment motion, citing Rule 56 and

describing the evidentiary requirements for a motion for summary judgment in both of those documents. Because the record shows that Rowe understood the nature and consequences of summary judgment, the Government's failure to attach copies of the rules cited in its notice was not harmless error. *See Jova*, 582 F.3d at 414.

Finally, Rowe has not shown that the district court abused its discretion by not affording him additional discovery. "A district court has wide latitude to determine the scope of discovery, and we ordinarily defer to the discretion of district courts regarding discovery matters. A district court abuses its discretion only when the discovery is so limited as to affect a party's substantial rights." *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) (internal quotation marks, citation, and alteration omitted). Rowe's conclusory statement that more discovery would have allowed him to find better support for his defenses is not sufficient to show that his substantial rights were violated.

We have considered all of Rowe's remaining arguments and conclude they are without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk