**Roberta LAMB, Appellee,**

v.

**UNITED STATES of America, Appellant.**

No. 92–1263.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1992.

Decided Oct. 23, 1992.

Gary Allen, Richard Farber, Kenneth Rosenberg, Dept. of Justice, Washington, D.C., for appellant.

Stephen E. Adams, Fayetteville, Ark., for appellee.

Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.

PER CURIAM.

The government appeals from the District Court's grant of summary judgment to Roberta Lamb in her tax action requesting the refund and abatement of penalties assessed against her under 26 U.S.C. §§ 6700 and 6701 (1988). 779 F.Supp. 116. We reverse.

Lamb, who is a bookkeeper, and a number of her clients invested in "energy management systems" in 1983. Lamb prepared income tax returns and Applications for Carryback of Tentative Refund (Internal Revenue Service Form 1045) for these clients between January and April 1984. In June and July 1989, the Internal Revenue Service assessed penalties against Lamb under section 6700 for promoting an abusive tax shelter, and under section 6701 for aiding and abetting understatement of tax liability.

After paying a portion of the penalties, Lamb filed this action seeking a refund of those payments and abatement of the balance owed. Lamb claimed, *inter alia*, that, because all of her activities concerning these investments were completed by April 15, 1984, the applicable statute of limitations barred the assessment of the penalties.[1] The government counterclaimed for the balance of the penalties owed. Lamb moved for summary judgment, relying in part on her statute of limitations argument. The government opposed the motion, contending that no statute of limitations applied to the assessment of these penalties.

The District Court acknowledged that sections 6700 and 6701 do not specify periods of limitations, and held that 28 U.S.C. § 2462 (1988)[2]—a "catch-all" statute of

---

1. In her complaint, Lamb asserted that the applicable statute of limitations was three years, but she did not refer to a specific statute. In her summary judgment motion, Lamb identified 26 U.S.C. § 6501(a) (1988) (three years) and 28 U.S.C. § 2462 (1988) (five years) as the applicable statutes. If either of these statutes applied in this instance, the assessments would be time-barred.

2. This section reads in pertinent part:
   Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued. . . .
   28 U.S.C. § 2462 (1988).

limitations against the government—applied to and barred the assessment of penalties in this instance because more than five years had passed since Lamb's activities. *Lamb v. United States*, 779 F.Supp. 116 (W.D.Ark.1991). In so holding, the court predominantly relied on *Mullikin v. United States*, 90–2 U.S.Tax Cas. (CCH) ¶ 50,414 (E.D.Ky. July 13, 1990), *rev'd*, 952 F.2d 920 (6th Cir.1991), *cert. denied*, — U.S. —, 113 S.Ct. 85, 121 L.Ed.2d 49 (1992), which was reversed by the Sixth Circuit shortly after the District Court's judgment was entered in this matter. Applying the *Mullikin* district court's reasoning, the District Court held that section 2462 governed assessments under section 6701 because, unless Congress specifically provides otherwise, some statute of limitations should apply; further, where Congress desires an unlimited statute of limitations (as in 26 U.S.C. § 6501(c) (1988 & Supp. II 1990)), it has provided explicitly for such. The District Court noted that 26 U.S.C. § 6501 did not apply here because that statute governs only assessments of taxes to be reported on a return or payable by stamp, which are not the types of assessment that were made against Lamb. *Lamb*, 779 F.Supp. at 118.

We conclude that the District Court erred in applying section 2462 to assessments made under sections 6700 and 6701. We are persuaded by our sister circuit's well-reasoned reversal in *Mullikin*, and we adopt its holding. The Sixth Circuit concluded that precedent

> seem[s] to stand for the proposition that Congress intended that penalties can be assessed pursuant to Sections 6700 and 6701 at any time. The Courts arrived at this conclusion by noting the absence of an express limitations period and the fact that Sections 6700 and 6701 are anti-fraud provisions in which Congress typically provides for unlimited periods of assessment.

*Mullikin v. United States*, 952 F.2d 920, 928 (6th Cir.1991), *cert. denied*, — U.S. —, 113 S.Ct. 85, 121 L.Ed.2d 49 (1992). The Sixth Circuit noted that "the govern-

ment is not subject to a statute of limitations on a cause of action in its favor unless the government expressly so provides. Likewise, a statute of limitations sought to be applied to bar a claim of the government must receive a strict construction." *Id.* at 929. The Sixth Circuit further held that section 2462 did not apply to section 6701 penalties because Congress had "otherwise provided" for a statute of limitations within the Internal Revenue Code: although there is no time limit on the assessment of these penalties, 26 U.S.C. § 6502 (1988 & Supp. II 1990) mandates that once an assessment is made, the government must take action to collect on that assessment within ten years. *Id.*

In light of our holding, we do not reach the government's argument that section 2462 is inapplicable because an assessment is an ex parte administrative act and not an action, suit, or proceeding within the meaning of section 2462. *See id.* at 929 n. 17.

Accordingly, we reverse and remand for further proceedings consistent with this opinion.