# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued May 1, 2015           Decided August 14, 2015

No. 14-1042

JOHN RYSKAMP,
APPELLANT

v.

COMMISSIONER OF INTERNAL REVENUE SERVICE,
APPELLEE

On Appeal from the Order and Decision
of the United States Tax Court

*Jeremy C. Baron*, appointed by the court, argued the cause for appellant. With him on the briefs were *Mark T. Stancil* and *Sarah R. Prins*.

*John Ryskamp*, pro se, filed the briefs for appellant.

*Thomas J. Clark*, Attorney, U.S. Department of Justice, argued the cause for appellee. With him on the brief were *Tamara W. Ashford*, Acting Assistant Attorney General at the time the brief was filed, and *Curtis C. Pett*, Attorney. *Kenneth W. Rosenberg* and *Bridget M. Rowan*, Attorneys entered appearances.

Before: BROWN, KAVANAUGH and PILLARD, *Circuit Judges*.

2

Opinion for the Court filed by *Circuit Judge* PILLARD.

Dissenting opinion filed by *Circuit Judge* BROWN.

PILLARD, *Circuit Judge*:    John Ryskamp underpaid federal income taxes for several years and did not respond to the Internal Revenue Service's demand for payment.  The Internal Revenue Code provides that, before the IRS levies against the taxpayer's property to collect unpaid taxes, the taxpayer is entitled to what the IRS refers to as a Collection Due Process (CDP) hearing before an impartial officer of the IRS Appeals Office.  26 U.S.C. §§ 6330, 6331(d).  Subsection 6330(g) of the Code provides, however, that if any "portion of a request for a hearing" is frivolous or reflects the taxpayer's desire to delay or impede the administration of the federal tax laws, the Appeals Office may treat such portion as if it were never submitted, and it "shall not be subject to any further administrative or judicial review."  *Id.* § 6330(g).  The IRS Appeals Office denied Ryskamp a Collection Due Process hearing based on its unexplained determination that all the reasons he gave for requesting a hearing were frivolous and contends that its frivolousness determination is not subject to judicial review.  The tax court held that it has jurisdiction to conduct a review limited to whether the IRS correctly treated Ryskamp's arguments as frivolous.  We agree with the tax court's conclusion regarding jurisdiction.  We also agree with the tax court's assessment that the IRS's boilerplate letter rejecting Ryskamp's arguments as frivolous was inadequate.  Finally, after remand, the Appeals Office held a Collection Due Process hearing, and the tax court correctly decided that the Office did not abuse its discretion in concluding the IRS could proceed with collection actions.  We thus affirm the tax court's decision in its entirety.

**I.**

The Internal Revenue Code contains procedures that permit a taxpayer to contest the methods used by the IRS to collect overdue taxes, including the IRS's imposition of a levy on a taxpayer's property. *Id.* §§ 6330, 6331(a). Before levying property, the Service must provide the taxpayer with written notice of its intent to levy and inform the taxpayer of his right to a Collection Due Process hearing before a neutral official in the IRS's Appeals Office. *Id.* §§ 6330(a)(1), 6331(d). At such a hearing, a taxpayer can challenge the appropriateness of a collection action, propose collection alternatives, and contest the underlying tax liability (if he did not already have an opportunity to dispute it).[1] *Id.* § 6330(c)(2). After the hearing, the Appeals Office issues a determination. That determination must "take into consideration" the issues raised by the taxpayer, the Service's verification that "the requirements of any applicable law or administrative procedure have been met," and "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the [taxpayer] that any collection action be no more intrusive than necessary." *Id.* § 6330(c). There is no dispute that, after a Collection Due Process hearing, a taxpayer may seek review in the tax court of the Service's determination. *Id.* § 6330(d)(1).

The parties' dispute focuses on the extent to which the Code eliminates judicial review of the Service's decision to deny a taxpayer's request for a Collection Due Process hearing on the ground that it is entirely frivolous. *See id.*

---

[1] The record is silent as to whether Ryskamp already had an opportunity to contest his underlying tax liability. He did not make such an argument before the Appeals Office or tax court, nor has he made one on appeal.

4

§ 6330(g). The Code defines as frivolous any position that appears on the IRS's published list of frivolous positions or that otherwise "reflects a desire to delay or impede the administration of Federal tax laws." *Id.* § 6702(b)(2)(A); *see also id.* § 6330(g). The IRS's list of frivolous positions includes arguments such as: compliance with the internal revenue laws is voluntary or optional; the taxpayer's income is not taxable because he is a citizen exclusively of a state (and not a United States citizen); only certain types of taxpayers are required to pay income taxes (such as federal government employees or corporations); and federal income taxes are unconstitutional. I.R.S. Notice 2008-14, 2008-1 C.B. 310.[2] If the IRS determines that a portion of a taxpayer's request for a Collection Due Process hearing is frivolous, the Code provides that the IRS "may treat such portion as if it were never submitted and such portion shall not be subject to any further administrative or judicial review." 26 U.S.C. § 6330(g). The IRS read subsection (g) to deprive the tax court of jurisdiction in this case to review whether the Service correctly determined that Ryskamp's hearing request was entirely frivolous and thus could be treated as if it were never filed.

For six of the years between 2003 and 2009, Ryskamp incurred tax liabilities through inadequate withholding from his earnings and failure to make estimated tax payments. In 2011, the IRS notified Ryskamp that it intended to levy his property in order to collect his delinquent taxes. Ryskamp requested a Collection Due Process hearing to challenge the levy. The content of his original request is unknown, as it

---

[2] The IRS modified that Notice in 2010. *See* I.R.S. Notice 2010-33, 2010-17 I.R.B. 609. We cite to the 2008 Notice, however, because that is the version the Service relied on when determining that Ryskamp's requests were frivolous. Both the 2008 and 2010 Notices contain the sample arguments described in the text.

was lost by the IRS. The IRS rejected the request pursuant to subsection (g). The Service stated that Ryskamp had not offered a legitimate reason for requesting a hearing and asked that he withdraw his frivolous positions and amend his request to provide a legitimate reason. Ryskamp submitted an amended request and attempted to state legitimate grounds. Ryskamp observed, however, that "without further information from you [about the basis of your frivolousness determinations] I cannot decide which, if any, are the frivolous/desire-to-delay issues I presented in my [original] Request." Amicus App. 12. Once again, the IRS concluded that Ryskamp failed to offer a legitimate reason for requesting a hearing and relied only on his frivolous reasons. The Appeals Office stated that it was disregarding Ryskamp's request, but its letter recited the various possible reasons the Service can find a position to be frivolous without specifying on which of the legal grounds it was relying.[3]

Ryskamp then filed a petition in the tax court. The tax court first described the argument the IRS would later label as frivolous: what Ryskamp called "the law of the minimization of the risk of loss" of "collection-financial-standards facts," or "CFS facts." Amicus App. 24. The court noted, it was "deeply unclear" what Ryskamp meant by that phrase, which is not a recognized term of art. *Id.* The court observed that "CFS facts" appeared to refer to "facts relevant to the IRS's application of its collection financial standards—standards

_____

[3] The Appeals Office's determination letter stated "I have determined that your disagreement is either: a 'specified frivolous position,' identified by the IRS in [a] Notice . . . ; or a frivolous reason reflecting a desire to delay or impede federal tax administration; or a moral, religious, political, constitutional, conscientious, or similar objection to the imposition or payment of federal taxes that reflects a desire to delay or impede the administration of federal tax laws." Amicus App. 18.

that it issues to help individual appeals officers decide . . . whether a taxpayer would suffer economic hardship if he had to pay overdue taxes in full or immediately." *Id.* By a "risk of loss" of those facts, the tax court understood Ryskamp to be arguing that, once he requested a Collection Due Process hearing, "his financial position in life [should] be frozen in place and [he should be] protected from anything that might increase his rent, cost him his job, and result in liability for state income taxes." *Id.* In effect, Ryskamp appeared to be arguing that the IRS's guideline taking into account taxpayers' economic hardships in fashioning payment plans for overdue taxes implies not only that the government is prohibited from taking action to disturb the taxpayer's economic position, but that it also has an affirmative obligation to provide him with financial benefits. The tax court observed that Ryskamp had failed to cite to any authority that granted the court the broad powers it would need to accomplish that result and that the Internal Revenue Manual, which contained the relevant standards, was not a source of individual rights. *Id.* at 24-25.

The tax court did, however, recognize that "at the bottom of this extraordinary swirl of motions," Ryskamp "does find one devastatingly good point—[he] was sent [a] boilerplate [letter from the IRS] in which there was no statement . . . as to why [his] reasons for the request . . . were illegitimate." *Id.* at 25 (internal quotation marks omitted). The tax court first considered whether it had jurisdiction to consider Ryskamp's argument that such a boilerplate letter invalidly denied him a Collection Due Process hearing, and held that it did. *Id.* at 21. The court relied on its precedent holding that the IRS's determination that a taxpayer's entire request for a hearing was frivolous was subject to judicial review to verify the frivolousness determination. *Id.* (citing *Thornberry v. Commissioner*, 136 T.C. 356 (2011)). Engaging in that

limited review, the tax court observed that the IRS sent Ryskamp a "form letter devoid of any specific identification of an allegedly frivolous position or other evidence of a desire to impede tax administration." *Id.* at 25. The court stated that such a letter was "inadequate as [an] explanation for treating a taxpayer's request for a hearing as if it had never been made." *Id.* The tax court consequently concluded that Ryskamp was entitled to summary judgment because the Service's "failure to explain why [it] concluded that [Ryskamp's] request for a CDP hearing raised only frivolous issues" was "an abuse of discretion." *Id.* But because Ryskamp's motions had been "so diffuse," the tax court ordered Ryskamp to file a report "setting forth the specific issue and grounds for requesting a collection due process hearing." *Id.* (internal quotation marks omitted).

Ryskamp submitted that report, once again offering a lengthy discussion of his "Collection Financial Standards Facts" theory. At that point, Ryskamp also adverted to what appeared to be a non-frivolous argument that he was entitled to collection alternatives. The tax court reiterated that "[t]he law of the maintenance of CFS facts is a concept that does not yet exist in any form capable of enforcement by the U.S. Tax Court." *Id.* at 29. To put the "case on track to resolution," the tax court ordered Ryskamp to complete a Request for a Collection Due Process or Equivalent Hearing form and, provided that Ryskamp completed the form, ordered the IRS to hold a Collection Due Process hearing.

Ryskamp completed the form, and on remand, the Appeals Office accordingly offered a telephonic hearing which, at Ryskamp's request, was converted to a hearing by exchange of written correspondence. Ryskamp continued to press his "CFS facts" argument *ad nauseam*. The Appeals Office once again concluded that the "CFS facts" arguments

raised frivolous issues. It summarized Ryskamp's argument as follows: The IRS could not levy his assets because his income was too low "under the laws and [C]onstitution of the United States," and he "further demand[ed] an increase in monthly income in the amount of $5,704.00." Ryskamp App. 62. The Appeals Office stated that the request "reflect[ed] a desire to delay or impede federal tax administration." *Id.* The Appeals Office then issued a determination that considered each of the three non-frivolous arguments raised by Ryskamp: he requested that the IRS withdraw the lien on his property, consider collection alternatives, and abate the civil penalty. The Appeals Office stated that there was nothing in Ryskamp's file indicating that the lien should be withdrawn and that he had provided none of the statutorily requisite information to support his contention that withdrawal should be considered. Ryskamp had also requested an installment agreement that would permit him to pay his liability over time. The Appeals Office determined that he was ineligible for such an agreement because he was not in compliance with his obligation to file tax forms and he had failed to submit the documentation necessary to support his request. A civil penalty was appropriate, the Appeals Office concluded, because Ryskamp had refused to withdraw his frivolous positions. Finally, the Appeals Office balanced the need for efficient collection against the concern that the collection action not be more intrusive than necessary, *see* 26 U.S.C. § 6330(c)(3), and concluded that the lien was appropriate.

Ryskamp sought tax court review of the Service's determination. The tax court once again rejected Ryskamp's "CFS facts" argument, for the same reasons it had offered in its prior orders. The tax court also held that the Service had not abused its discretion in denying Ryskamp the alternative methods of collection he requested and granted the IRS's

motion for summary judgment. Proceeding *pro se*, Ryskamp appealed the tax court's decision.

When reviewing the tax court's determinations on the merits of a taxpayer's challenge to tax liability, we review *de novo* the tax court's legal conclusions, including its grant of summary judgment. *Byers v. Commissioner*, 740 F.3d 668, 675 (D.C. Cir. 2014). When the merits of the underlying tax liability are not at issue, we review determinations made by the Appeals Office in a Collection Due Process hearing for an abuse of discretion. *Id.*

## II.

On appeal, Ryskamp primarily argues that the tax court's decision should be reversed because the Appeals Office impermissibly failed to address arguments he made in his request for a Collection Due Process hearing. In response, the IRS first contends that the tax court lacked jurisdiction to review the IRS's conclusion that Ryskamp's request for a Collection Due Process hearing contained only frivolous arguments. Alternatively, the Service argues that the tax court correctly sustained the IRS's determination that collection of Ryskamp's tax liabilities by levy against his property could proceed. This court appointed amicus curiae counsel to address the jurisdictional question raised by the IRS. We turn to that question first, and, because we hold that the tax court had jurisdiction, we then address the tax court's resolution of the frivolousness question.

## A.

We must decide whether Code section 6330(g) means, as the Service contends, that the tax court lacks jurisdiction to conduct any review whatsoever of the IRS's decision to treat a request for a Collection Due Process hearing as frivolous, or

whether, as amicus counsel contends, subsection (g) permits the tax court to review the IRS's frivolousness determination. We hold that subsection (g) does not strip the courts of jurisdiction to review the narrow question whether the Service correctly determined that all of a taxpayer's arguments are frivolous. *See Thornberry*, 136 T.C. at 367. On such review, the court may evaluate whether the Service's characterization of an argument as frivolous is facially plausible—*i.e.*, whether the Service meaningfully identified how the request is frivolous and whether it overlooked a non-frivolous argument. *See id.* A reviewing court cannot, however, reach the merits of any argument it deems to be non-frivolous.

Whether the tax court had jurisdiction to review the IRS's frivolousness determination depends on the meaning of section 6330(g). Subsection (g) states, in its entirety:

> Notwithstanding any other provision of this section, if the Secretary determines that any portion of a request for a hearing under this section or section 6320 meets the requirement of clause (i) or (ii) of section 6702(b)(2)(A), then the Secretary may treat such portion as if it were never submitted and such portion shall not be subject to any further administrative or judicial review.

26 U.S.C. § 6330(g). The relevant clauses of section 6702, in turn, state that a position is frivolous—and thus can be treated as if never submitted—if it is based on a position the IRS has specifically included on a published list of frivolous positions or if it "reflects a desire to delay or impede the administration of Federal tax laws." *Id.* § 6702(b)(2)(A)(i) & (ii), (c).

Section 6330 recognizes the tax court's jurisdiction to review a "determination under this section," *id.* § 6330(d)(1)—and section 6330 includes subsection (g) on

frivolous hearing requests. The use of the word "determines" in subsection (g) supports the position advanced by amicus counsel that the tax court may review the Service's determination that an entire request for a Collection Due Process hearing is frivolous. Section 6330 does not define "determination." The reference to a determination clearly includes the Appeals Office's findings and decisions after it conducts a Collection Due Process hearing. *See id.* § 6330(c)(3); *see also* 26 C.F.R. § 301.6330-1(e)(3) A-E8. We conclude that it also includes a determination made under subsection (g), under which the Service "determines" whether a portion of a taxpayer's hearing request contains frivolous arguments. 26 U.S.C. § 6330(g). Congress in subsection (g) could have used another term—such as "decides" or "concludes"—to describe the Service's assessment of frivolousness. It chose to use the word "determines," and "determinations" are reviewable by the tax court. Additionally, the text of subsection (g) does not state that the IRS's frivolousness determinations are shielded from review. Rather, the statute says that the "portion" of a request that is frivolous "shall not be subject to any further administrative or judicial review." *Id.* It is thus the content of the request itself that is shielded from review, not the IRS's threshold frivolousness determination. The plain language of the statute, therefore, leaves the IRS's frivolousness determination within the category of determinations subject to judicial review.

Our reading of the statutory language respects subsection (g)'s limitation on administrative and judicial review. As we read it, subsection (g) precludes the tax court from reaching the merits of a purportedly frivolous position. *Cf. Bell v. Hood*, 327 U.S. 678, 682 & n.2 (1946) (distinguishing assessment of questions going to jurisdiction from decision on the merits). Instead, the tax court's review is limited to

assessing whether the Service has adequately identified why it deems the taxpayer's request, or portions thereof, to be frivolous, and whether that frivolousness assessment is facially plausible. *See Schlabach v. United States*, 101 Fed. Cl. 678, 685 (Fed. Cl. 2011); *Thornberry*, 136 T.C. at 367-69. That limited review provides a safeguard against the risk that the Service may have misconstrued or inadvertently overlooked a non-frivolous, *i.e.* plausible or potentially meritorious, request. *See Thornberry*, 136 T.C. at 370-71. The remedy for an unexplained or flawed frivolousness determination by the IRS is a remand to permit the Appeals Office either to identify why a particular argument is frivolous or to hold a Collection Due Process hearing to address any non-frivolous arguments on their merits. *Id.* at 367-68. If, by contrast, the tax court sustains the IRS's determination that the request only raises frivolous issues, no further review occurs and no Collection Due Process hearing is required. *See id.* at 367; *see also Buczek v. Commissioner*, No. 8512-14L, 2014 WL 4976218, at *5 (T.C. Oct. 6, 2014).

Our interpretation of subsection (g) accords with that of the tax court. *See Thornberry*, 136 T.C. at 367-73; *see also Buczek*, 2014 WL 4976218, at *6. In *Thornberry*, the tax court faced taxpayers in a procedural posture similar to Ryskamp's. The taxpayers had submitted a request for a Collection Due Process hearing to the IRS to which the IRS responded with boilerplate letters rejecting all of the taxpayers' arguments as frivolous, and the taxpayers sought review in the tax court. *Thornberry*, 136 T.C. at 358-361. The IRS contended that subsection (g) precluded the tax court from reviewing its frivolousness determinations. *Id.* at 363, 365. The tax court rejected that argument. It observed that the Code grants the IRS authority to impose civil penalties on taxpayers who submit frivolous requests and contemplates judicial review of those penalties. *Id.* at 366-67 & n.2; *see* 26

U.S.C. §§ 6702(b), 6703. That statutory recognition of judicial review limited to the soundness of the threshold, frivolousness determination supported the tax court's conclusion that "while section 6330(g) prohibits judicial review of the *portion* of a request for an administrative hearing that the Appeals Office determined is based on an identified frivolous position or reflects a desire to delay, it does not prohibit judicial review of that *determination* by the Appeals Office." *Thornberry*, 136 T.C. at 367. The court thus held that it could conduct a review limited to the frivolousness issue to determine whether the Appeals Office "properly treated the entire request as if it were never submitted." *Id.* at 368. In conducting that review in *Thornberry*, the court discovered that the IRS had indeed erred. The taxpayers had raised several potentially meritorious issues in their request for collection alternatives— points going to their underlying tax liability and the intrusiveness and undue hardship posed by collection. *Id.* at 370-71. The tax court remanded to the Appeals Office for a hearing on the merits of those non-frivolous arguments. *Id.* at 372-73.

That approach comports with precedent addressing similar claims by other agencies that their actions are shielded by statute from judicial review. In *Mach Mining, LLC v. EEOC*, 135 S. Ct. 1645 (2015), for example, the Supreme Court considered whether Title VII bars judicial review of the EEOC's assertion that it satisfied its statutory obligation to attempt conciliation with an employer before the EEOC may file a Title VII suit in court. *Id.* at 1649-50. The government argued that various provisions of Title VII preclude judicial review of the EEOC's satisfaction of its pre-filing conciliation obligation. *See id.* at 1650. The Supreme Court rejected that argument. *Id.* at 1651-53. Instead, the Court concluded that a reviewing court must ensure that the EEOC complied with

statutory conciliation requirements at least to the degree that it communicated to the employer that an unlawful employment practice had been alleged and engaged the employer in some form of discussion. *Id.* at 1653-56. The Court cautioned, however, that a reviewing court may not do a "deep dive into the conciliation process." *Id.* at 1653. The same is true here. The tax court may not do a "deep dive" into the merits of the purportedly frivolous position, but must conduct a limited, threshold review to ensure that the IRS did not err in its determination that the taxpayer raised only frivolous arguments.

Our conclusion fully respects Congress's intent in enacting subsection (g). Congress sought to prevent taxpayers from throwing up a smokescreen of frivolous arguments, all subject to time consuming appeal on their merits, before the Service might bring its enforcement powers to bear to collect underpaid taxes. Subsection (g) enables the IRS to dispose of frivolous claims quickly. The court may only verify whether the Service articulated a facially plausible reason for rejecting a position as frivolous. Preserving the tax court's authority to review, even in a limited way, whether the IRS correctly identified as frivolous a taxpayer's request for a Collection Due Process hearing provides an important backstop against erroneous determinations by the Service. Absent any judicial review whatsoever of the Service's denials of putatively frivolous Collection Due Process hearing requests, the IRS would have unilateral and unchecked power to make those decisions; as the Supreme Court stated when faced with the analogous issue in *Mach Mining*, "[w]e need not doubt the [agency's] trustworthiness, or its fidelity to law, to shy away from that result." *Id.* at 1652. Instead, it is enough to know that "legal lapses and violations occur, and especially so when they have no consequence." *Id.* at 1652-53.

Just such a lapse occurred in *Thornberry*. In that case, the taxpayers' request contained both frivolous and non-frivolous arguments, but the Service overlooked the taxpayers' non-frivolous arguments and denied their request for a hearing. *See* 136 T.C. at 370; *see also Buczek*, 2014 WL 4976218, at *5. Following remand, however, the parties agreed that the taxpayers' liabilities were uncollectable because of economic hardship, and the IRS abated the civil penalty. *Buczek*, 2014 WL 4976218, at *5. If no judicial review whatsoever were available, taxpayers like the Thornberrys would be without recourse when the IRS incorrectly concludes that their requests for hearings are entirely frivolous—a result Congress cannot have intended. Tax court review of threshold frivolousness determinations will encourage the IRS to consider carefully each reason a taxpayer presents for requesting a hearing. Close scrutiny by the IRS helps to ensure the accuracy of those determinations and checks against mistakenly lumping together and dismissing non-frivolous and frivolous arguments, thereby invalidly cutting off the recourse the Code provides.

Judicial review of an IRS determination that a request for a Collection Due Process hearing is frivolous may be the only way to ensure a taxpayer is not erroneously denied the benefits of the Code's pre-levy review process. The IRS contends that post-levy tax refund suits provide an alternative avenue for a taxpayer wishing to challenge a tax liability. *See, e.g.*, 26 U.S.C. § 7422; 28 U.S.C. § 1346(a)(1). Be that as it may, the IRS has failed to explain how, under its reading, subsection (g) would not equally preclude review of the IRS's frivolousness determination in that context. According to the IRS's interpretation of subsection (g), it appears that review of a frivolousness determination would be barred in any administrative or judicial proceeding, so it is not apparent how it could be considered in an eventual tax refund suit.

Moreover, a taxpayer can only file a tax refund suit in district court challenging the IRS's collection of a tax after he pays his liability in full. *See* 26 U.S.C. § 7422; *Flora v. United States*, 357 U.S. 63, 75 (1958). Post-payment review is almost certainly too late to redress a taxpayer's objections to the collection process. Requiring a taxpayer to pay his tax liability in full before he can obtain review of his claims about payment process or terms—such as that he would suffer economic hardship without an installment plan or offer-in-compromise—effectively nullifies the utility of such review. Additionally, although a Collection Due Process hearing is often focused on payment terms, in some cases it is the taxpayer's only opportunity to dispute before the IRS the existence or amount of his underlying liability. *See* 26 U.S.C. § 6330(c)(2)(B). In such a case, the IRS's rejection of a taxpayer's argument as frivolous would foreclose the taxpayer from obtaining judicial review of the correctness of the Service's assessment of liability.

For all of the foregoing reasons, we conclude that the tax court correctly determined that it had jurisdiction to conduct a minimal, threshold review of the Service's determination that Ryskamp's request for a hearing was frivolous.

**B.**

Having decided that the tax court had jurisdiction to review the IRS's frivolousness determination, we next consider whether that court correctly rejected the Service's treatment of all of Ryskamp's arguments as frivolous. We affirm the tax court's holding that the IRS's boilerplate letter rejecting Ryskamp's request for a Collection Due Process hearing was inadequate. As the tax court recognized, the IRS's letter failed to identify any of Ryskamp's allegedly frivolous positions. The letter merely included a bullet point

list of all of the possible reasons the Service could find a request to be frivolous and did not correlate them with any aspects of Ryskamp's request. Such a list provides the taxpayer with little guidance as to how to proceed. As Ryskamp himself pointed out, he could not withdraw his frivolous positions without first being informed of which positions the Service believed were frivolous. The letter also lacked any explanation of how and whether the Appeals Office concluded that Ryskamp's request reflected a desire to delay or impede tax administration, such as by identifying statements in the request reflecting such a desire. *See Thornberry*, 136 T.C. at 371. We therefore affirm the tax court's conclusion that the IRS abused its discretion in rejecting Ryskamp's request for a hearing without first articulating the grounds of its frivolousness determination.

## III.

On remand from the tax court, the Service gave Ryskamp the opportunity to submit a new request for a Collection Due Process hearing. He did so, and raised both frivolous and non-frivolous arguments. The Appeals Office held a hearing by correspondence, rejected Ryskamp's frivolous positions, considered his non-frivolous positions, and concluded that the IRS could proceed with the collection of Ryskamp's tax liability. As the tax court observed, Ryskamp refused to provide the Appeals Office with necessary financial information, and he failed to offer any proof that he was in compliance with his tax filing obligations. *See, e.g.*, *Orum v. Commissioner*, 412 F.3d 819, 821 (7th Cir. 2005) (holding IRS did not abuse its discretion in denying collection alternatives where the taxpayers failed to supply requested information or keep current with tax obligations); *Hartmann v. Commissioner*, 638 F.3d 248, 250-51 (3d Cir. 2011) (per curiam) (same). On appeal, Ryskamp does not dispute those

facts. He has thus presented no basis to overturn the IRS's decision to deny his request for collection alternatives. Nor has he made any arguments concerning the Appeals Office's denial of his requests to withdraw the lien or for an abatement of the civil penalty. We therefore agree with the tax court that, after conducting the Collection Due Process hearing, the Appeals Office did not abuse its discretion in concluding the Service could proceed with collection.

The bulk of Ryskamp's briefing has focused on his continued belief that he has an "individually enforceable entitlement . . . to the maintenance of Collection Financial Standards facts," and that the IRS erred by failing to respond to his "CFS facts" arguments during his Collection Due Process hearing. Ryskamp Br. 7-9. For the reasons ably set forth by the tax court, we agree that Ryskamp has failed to articulate a cognizable legal theory. We also agree that the IRS did not abuse its discretion in failing to respond substantively to Ryskamp's "CFS facts" argument. In its correspondence with Ryskamp, the Appeals Office specifically identified that argument as one that "reflect[ed] a desire to delay or impede federal tax administration." Ryskamp App. 62. The tax court has explained and repeatedly reaffirmed that Ryskamp's "CFS facts" argument is not recognized by the law. The IRS was under no obligation to respond further to Ryskamp's arguments. It may therefore proceed with the levy of his property.

* * *

For all of the foregoing reasons, the decision of the tax court is affirmed.

*So ordered.*

BROWN, *Circuit Judge*, dissenting: Answer a fool according to his folly. *Proverbs* 26:5. Realizing that the Internal Revenue Service (the IRS) encounters its fair share of jesters, Congress permitted the IRS to disregard frivolous Collection Due Process (CDP) hearing requests and prohibited further administrative or judicial review of that decision. The court finds that result too harsh. Because I think Congress expressly deprived the Tax Court (or any court) of jurisdiction to review the denial of frivolous hearing requests, I respectfully dissent.

Before 1998, the IRS could initiate and impose a levy on a taxpayer's property without providing a hearing. *See Byers v. Comm'r*, 740 F.3d 668, 671 (D.C. Cir. 2014). Mindful that the exercise of such power could prove strong medicine for taxpayers, Congress sought to "temper 'any harshness'" in the system by permitting CDP hearings in the IRS's Office of Appeals. *Id.* In CDP hearings, taxpayers may "contest the IRS's *means* of collecting overdue taxes." *Id.* Under Section 6330(b)(1), it is relatively easy to receive a CDP hearing: all a taxpayer must do is request a hearing in writing, stating the grounds for the request.

Congress' good deed did not go unpunished. Frivolous CDP requests besieged the IRS. *See*, *e.g.*, *Progress Report on the IRS Restructuring and Reform Act of 1998, Hearings Before the Joint Economic Committee*, 107th Cong. 2 Sess. (2002) (statement of Charles O. Rossotti, Comm'r of Internal Revenue). In response, Congress enacted the Tax Relief and Health Care Act of 2006, Pub. L. No. 109-432, 120 Stat. 2922 (codified at I.R.C. § 6330(g)), which states, "Notwithstanding any other provision of this section, if the Secretary determines that any portion of a request for a hearing under this section" is frivolous or reflects a desire to delay or impede the administration of federal tax laws "then the Secretary may treat such portion as if it were never submitted and such

portion shall not be subject to any further administrative or judicial review."

Appellant John Ryskamp submitted a request for a CDP hearing pursuant to I.R.C. § 6330, and the IRS Office of Appeals responded with a notice stating it would disregard the request, "as IRC § 6330(g) allows," because it was premised exclusively upon frivolous reasons. J.A. 18. Ryskamp appealed and the Tax Court heard the case, assuring itself of jurisdiction by relying on its own decision in *Thornberry v. Comm'r*, 136 T.C. 356, 367 (2011). But *Thornberry* is a dubious precedent and the Tax Court's conclusion – that it should review the IRS's denial of Ryskamp's frivolous hearing request – seems irreconcilable with Section 6330(g). Congress determines the Tax Court's jurisdiction, *see Comm'r v. McCoy*, 484 U.S. 3, 7 (2014) ("The Tax Court is a court of limited jurisdiction" and possesses only that jurisdiction expressly conferred by Congress in the Internal Revenue Code); I.R.C. § 7442, and Congress specifically barred determinations of frivolousness from "further administrative or judicial review."

Like the Tax Court, this Court proffers a number of inventive justifications for ignoring the plain meaning of the statute, beginning by conflating "dismissal" and "determination" and then parsing the meaning of "portion." Yet, none of these moves is sufficient to shift the weight of Congress' clear intent.

First, the phrase, "shall not be subject to any *further* administrative or judicial review," I.R.C. § 6330(g) (emphasis added), makes the frivolousness characterization dispositive. Once the IRS reviews a CDP hearing request and dismisses all or a portion of the request as frivolous, no *additional* review is permitted. *See Engine Mfrs. Ass'n v.*

*South Coast Air Quality Management Dist.*, 541 U.S. 246, 252 (2004) ("Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose.")

Moreover, while Section 6330(g), like Section 6330(d)(1), refers to a "determination," the predicate "notwithstanding" defines its use. Thus, despite what Congress has authorized elsewhere in the statute, Section 6330(g) precludes review of frivolous determinations.

Finally, the heading of the subsection relied upon by the majority confirms this more limited reading. *See, e.g., INS v Nat'l Ctr. for Immigrants' Rights, Inc.,* 502 U.S. 183, 189 (1991) ("[T]he title of a statute or section can aid in resolving an ambiguity in the legislation's text."); *Brotherhood of R.R. Trainmen v. Baltimore & Ohio R.R.,* 331 U.S. 519, 528-29 (1947) (stating headings "are but tools available for the resolution of a doubt.") The determination contemplated by Section 6330(d)(1) is made *after* a hearing. But under Section 6330(g) the Appeals Office does not conduct a hearing before dismissing a request as frivolous. Consequently, a notice characterizing a request as frivolous is not a "determination" subject to judicial review under Section 6330(d)(1).

Nevertheless, the court insists that "portion" in Section 6330(g) means only the content of a hearing request is immune from further review — not the procedural determination itself. Yet, "portion" cannot bear such a parsing when read in context. In *Thornberry v. Comm'r,* 136 T.C. at 367, the Tax Court held — despite the prohibition found in Section 6330(g) — it had jurisdiction "to decide whether the Appeals Office determined that all portions of petitioners' requests for an administrative hearing meet the

requirements" for a portion that may be disregarded and "properly treated the entire request as if it were never submitted." *Id.* At 367-68. My colleagues accept this reasoning, describing the Tax Court's function here as "limited." Majority Op. at 12. The Tax Court is not reviewing the *merits* of the Appeal Office's determination — they say — but is instead taking a look to make sure the IRS did not inadvertently overlook a legitimate reason for the hearing request. But this semantic subtlety violates a fundamental law of logic: a thing cannot be and not be at the same time. The IRS cannot simultaneously be permitted to ignore frivolous portions of requests and also be required to identify and explain why those portions were ignored. And once the court begins reviewing portions deemed frivolous there can be no meaningful distinction between determining the Appeals Office mistakenly ignored a legitimate portion of a request — the helpful, "limited" review desired by the court — and determining the Appeals Office reached the wrong conclusion — "merits" review.

Putting aside these metaphysical musings, the point of Section 6330(g) seems clear enough. There is no answer to the riddle of how much review is enough because no review is available at all. A jurisdiction-stripping provision is a closed door, not an invitation to come inside and engage in a little "gatekeeping" review. *See Ex parte McCardle*, 74 U.S. 506, 514 (1868) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause"); *Amgen, Inc. v. Smith*, 357 F.3d 103, 113 (2004) ("If a no-review provision shields particular types of administrative action, a court may not inquire whether a challenged agency decision is arbitrary, capricious, or procedurally defective . . . .").

The court cannot evade these obstacles by relying on *Amgen*; that case would only permit us to consider whether the statute authorized the Appeals Office to make the initial frivolousness decision. In this case, there is no argument the IRS's decision to disregard Ryskamp's hearing request was *ultra vires*. Section 6330(g) clearly gives the IRS the authority to disregard portions of a hearing request it deems frivolous. The Appeals Office's notice expressly invoked Section 6330(g) when informing Ryskamp his request was being disregarded. J.A. 18. There is no confusion here as to whether the IRS's action was of the sort shielded from judicial review. Every portion of Ryskamp's hearing request was deemed frivolous, and those portions may not be subjected to further review.

While there is a "strong presumption that Congress intends judicial review of administrative action," *Bowen v. Mich. Acad. of Family Physicians*, 476 U.S. 667, 670 (1986), the presumption is overcome where there is "'clear and convincing evidence' that Congress intended to preclude the suit." *Amgen*, 357 F.3d at 111. Here, Congress explicitly ousted the Tax Court — and all courts and agencies — of jurisdiction to review any portion of a hearing request the Office of Appeals treats as if never submitted pursuant to Section 6330(g). *See id.* at 112 (finding clear and convincing evidence of preclusion of judicial review in the plain text of a statute stating "there shall be no administrative or judicial review"). Could Congress have been clearer? Surely not.

The majority worries that, without review, the IRS would have "unilateral" and "unchecked" authority to determine what constitutes a frivolous CDP hearing request. Under such circumstances, they say, valid claims may inadvertently be marked frivolous and disregarded. Theirs is a legitimate worry. But it is not one for us to relieve. As Congress has the

authority to determine the jurisdiction of the Tax Court, so too does Congress have the power to decide how the IRS might best bring its enforcement powers to bear. In making its preference plain, Congress accepted the risk of IRS error or mistake. Rather than helpfully improve upon Congressional decision-making, we must abide by the basic rule of statutory interpretation that Congress "says in a statute what it means and means in a statute what it says there." *Barnhart v. Sigmon Coal Co., Inc*., 534 U.S. 438, 461–62 (2002). I respectfully dissent.